**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30149 |
| Plaintiff - Appellee, | D.C. No. 4:13-cr-00106-BMM-1 |
| v. | |
| WILFORD HARLAN SUNCHILD, AKA Huck, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted February 3, 2016[**]
Seattle, Washington

Before: KOZINSKI, O'SCANNLAIN, and GOULD, Circuit Judges.

Wilford Harlan Sunchild, having been convicted of Theft from an Indian

Tribal Government Receiving Federal Funds (18 U.S.C. § 666(a)(1)(A)), Theft

from an Indian Tribal Organization (18 U.S.C. § 1163), and Theft from a Health

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Care Facility (18 U.S.C. § 669), appeals his sentence of 12 months and one day imprisonment, as well as the district court's restitution order. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I

The district court did not err in finding that Sunchild's previous conviction for stealing money orders from an acquaintance qualified him for an additional criminal history point. Under § 4A1 of the U.S. Sentencing Commission Guidelines, prior criminal convictions can be used to increase a sentence imposed upon a defendant. Offenses listed under § 4A1.2(c) and "offenses similar to them, by whatever name they are known" are not counted against a defendant unless "(A) the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense."

Sunchild contends that his theft of money orders conviction cannot be counted against him because it was similar to the listed offense of "[i]nsufficient funds check" and was dissimilar to his theft of funds from the Wellness Center. Such an argument fails because Sunchild's theft of money orders was indeed similar to his theft of funds from the Wellness Center: 1) both involved stealing money from a third party; 2) Sunchild appears to have been similarly culpable in

undertaking both crimes; and 3) Sunchild's theft of money orders indicates a likelihood of recurring criminal conduct. *See United States v. Grob*, 625 F.3d 1209, 1218–19 (9th Cir. 2010).

## II

The district court did not clearly err in ordering restitution in the amount of $19,735.77. In ordering restitution, a district court must make "a reasonable estimate of the loss, given the available information." *United States v. Ali*, 620 F.3d 1062, 1074 (9th Cir. 2010) (quoting *United States v. Bussell*, 504 F.3d 956, 960 (9th Cir. 2007)). The evidence upon which the court makes its calculation is acceptable so long as such evidence is supported by "sufficient indicia of reliability." *Id.* at 1073.

Here, the district court based its calculation on testimony from FBI Special Agent Steve Fleenor. The district court relied on such testimony and the record as a whole in determining that Sunchild's alternative theory that he should be credited for payments made to the Wellness Center's Independence Bank account was mere "speculation." As $19,735.77 was a "reasonable estimate" based on evidence supported by "sufficient indicia of reliability," *id.* at 1073–74, the district court did not err.

**AFFIRMED.**